**IN THE UNITED STATES DISTRICT COURT**
**FOR THE MIDDLE DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| **THOMAS BLAISE,** | : | |
| | : | |
| **Petitioner** | : | |
| | : | **CIVIL NO. 3:CV-12-2155** |
| **v.** | : | |
| | : | **(Judge Caputo)** |
| **WARDEN DAVID J. EBBERT,** | : | |
| | : | |
| **Respondent** | : | |

**O R D E R**

**THE BACKGROUND OF THIS ORDER IS AS FOLLOWS:**

Thomas Blaise, an inmate at the Canaan Federal Prison Camp (FPC-Canaan), in Waymart, Pennsylvania, filed this *pro se* petition for a writ of habeas corpus under 28 U.S.C. § 2241, along with a motion to proceed *in forma pauperis*. We will grant the *in forma pauperis* motion, and dismiss the 2241 petition without prejudice.

The petition challenges Mr. Blaise's medical treatment following a 2009 injury to his left knee.  (Doc. 1, Pet.)  In January 2011, Mr. Blaise received a Magnetic Resonance Imaging (MRI) test and was seen by an orthopaedic surgeon who advised that he needed arthroscopic surgery to reconstruct his left knee anterior cruciate ligament (ACL).  (Doc. 1-1 at p. 8)  In February 2011, Mr. Blaise learned that the Bureau of Prisons (BOP) denied his surgery request as "medically necessary — non-emergent" (Doc. 1, Pet.), and that "conservative treatment was appropriate." (Doc. 1-1 at p. 8.)  Mr. Blaise continues to suffer from pain, swelling, and mobility issues due to his unrepaired ACL.  (Doc. 1, Pet.)  Mr. Blaise contends

that the BOP is violating his Eighth Amendment rights by being deliberately indifferent to his medical needs.  (*Id.*)  As relief he seeks the Court to compel the BOP to approve his knee surgery.  (*Id.*)

We will dismiss the petition without requiring an answer from Respondent, as authorized by Rule 4 of the Rules Governing Section 2254 Cases for the United States District Courts, made applicable to § 2241 actions by Rule 1 of those rules.

Federal prisoners may use a petition for habeas corpus to challenge "the validity of the fact or length of their confinement," *Preiser v. Rodriguez*, 411 U.S. 475, 490, 93 S.Ct. 1827, 1836, 36 L.Ed.2d 439 (1973), such as when a challenge is made to prison disciplinary proceedings that affect the length of confinement by depriving the prisoner of good-time credits.  *Muhammad v. Close*, 540 US. 749, 750, 124 S.Ct. 1303, 1304, 158 L. Ed. 2d 32 (2004).  In addition, when a prisoner seeks a "quantum change" in the level of custody, for example, when a prisoner claims to be entitled to probation or bond or parole, habeas is the appropriate form of action. *See Woodall v. Federal Bureau of Prisons*, 432 F.3d 235, 241-244 (3d Cir. 2005). In contrast, claims challenging an inmate's conditions of confinement, like those challenging one's medical needs, are not cognizable in a § 2241 petition.  *Lee v. Williamson*, 297 F. App'x 147, 148 (3d Cir. 2008).  "[W]hen the challenge is to a condition of confinement such that a finding in plaintiff's favor would not alter his sentence or undo his conviction, an action under § 1983 is appropriate."  *Leamer v. Fauver*, 288 F.3d 532, 542 (3d Cir. 2002).  Where a federal prison is challenging the

conditions of his confinement, the filing of a *Bivens*[1] action under 28 U.S.C. § 1331,

the federal counterpart to a § 1983 action, is appropriate.

In this case, Mr. Blaise's challenge to the medical treatment he has received

for his ACL injury does not challenge the fact or duration of his confinement.

Therefore, his medical claim is not cognizable in a petition for writ of habeas corpus

brought under 28 U.S.C. § 2241, but rather could be pursued through the filing of a

*Bivens* action brought under 28 U.S.C. § 1331.  As such, his petition will be

dismissed without prejudice to his rights to pursue his claim in a properly filed civil

rights action.[2]

Accordingly, this ___1st___ day of November, 2012, it is ordered that:

1. Petitioner's motion to proceed in forma pauperis (Doc. 2) is granted.

2. The petition for a writ of habeas corpus (Doc. 1) is dismissed without prejudice for lack of jurisdiction.

3. The Clerk of Court is directed to close this case.

/s/ A. Richard Caputo
**A. RICHARD CAPUTO**
**United States District Judge**

---

[1] *Bivens v. Six Unknown Named Agents of the Federal Bureau of Narcotics,* 403 U.S. 388, 91 S.Ct. 1999, 29 L.Ed.2d 619 (1971).

[2] The Court expresses no opinion as to the merits, if any, of any civil rights claim Mr. Blaise may file based upon the facts asserted in the instant petition.